IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>R+L CARRIERS, INC.; R+L CARRIERS SHARED SERVICES, LLC,<br><br>    Defendants.<br>_____/ | No. C 09-01907 CW<br><br>ORDER GRANTING DEFENDANT R+L CARRIERS, INC.'S MOTION TO DISMISS (Docket No. 24) |

   Defendant R+L Carriers, Inc. moves to dismiss Plaintiff Glenn Hill's claims against it for lack of personal jurisdiction. Defendant R+L Carriers Shared Services, LLC (Shared Services) does not join the motion. Plaintiff opposes the motion. The motion was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court GRANTS R+L Carriers, Inc.'s motion.

                              BACKGROUND

   This action arises out of Plaintiff's allegations that R+L Carriers, Inc. and Shared Services violated the Fair Labor Standards Act and various California wage and hour laws. He claims that, among other things, Defendants erroneously classified him as exempt from overtime pay, failed to provide meal and rest breaks

and did not maintain proper timekeeping records.  He seeks to recover various compensatory and statutory damages on behalf of himself and a class of persons similarly situated.

R+L Carriers, Inc. is a privately-held entity incorporated and headquartered in Wilmington, Ohio.  It is owned by Ralph L. Roberts; Mary D. Roberts; Ralph L. Roberts, II; Roby L. Roberts; and Michelle Carpenter.  Brake Decl. ¶ 2.  R+L Carriers, Inc. is a holding company and does not itself engage in any motor carrier operations.  Brake Decl. ¶ 2.  It is not registered to do business in California, nor does it have a registered agent for service of process in the state.  Brake Decl. ¶ 5.

Shared Services is headquartered in Wilmington, Ohio.  It is a privately-held limited liability company owned by R+L Carriers, Inc.; R+L Transfer, Inc.; Gator Freightways, Inc.; Greenwood Motor Lines, Inc.; Paramount Transportation Systems, Inc.; and RLR Investments, LLC.  The company provides "operations and administrative employees" to the aforementioned entities, except for R+L Carriers, Inc. and RLR Investments.  Brake Decl. ¶ 3. Shared Services is registered to do business in California and does not dispute the Court's jurisdiction over it.

R+L Carriers, Inc. owns 2.67 percent of Shared Services. Brake Decl. ¶ 3.  Some of R+L Carriers, Inc.'s owners serve on Shared Services' board of directors and as Shared Services' officers.  Nelson Decl., Ex. 8.  R+L Carriers, Inc. owns a registered service mark for "R+L Carriers," which it permits Shared Services to use.  Brake Repl. Decl. ¶ 2.  Shared Services employees receive an employee handbook, entitled "R+L Carriers Employee Handbook," which states,

2

> Our truck line is known to our customers as R+L CARRIERS. However, R+L CARRIERS is not your employer. You are employed by R+L CARRIERS SHARED SERVICES, LLC. For purposes of this handbook only, the terms "company", "employer" and R+L as used in this handbook refer to R+L Carriers Shared Services, LLC.

Brake Decl., Ex. A at 5.

## LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. The plaintiff then bears the burden of demonstrating that the Court has jurisdiction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Uncontroverted allegations in the complaint must be taken as true. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). However, the court may not assume the truth of such allegations if they are contradicted by affidavit. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1284 (9th Cir. 1977). If the plaintiff also submits admissible evidence, conflicts in the evidence must be resolved in the plaintiff's favor. AT&T, 94 F.3d at 588.

There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990); Data Disc, Inc, 557 F.2d at 1286. California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law

and federal due process standards merge into one analysis. Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause unless the defendant has "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

## DISCUSSION

### I. Specific Jurisdiction

Plaintiff asserts that the Court has specific jurisdiction over R+L Carriers, Inc. because it purposefully directs its actions to California.[1] To provide the Court with specific jurisdiction,

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; . . . (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Rutsky, 328 F.3d at 1129 (quoting Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1485 (9th Cir. 1993)). For a defendant's conduct to demonstrate purposeful direction, the defendant must "allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Schwarzenegger, 374 F.3d at 803 (quoting Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th

---

[1] In this section of his brief, Plaintiff's only case citation is to Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements, Limited, 328 F.3d 1122 (9th Cir. 2003). Because Rutsky addresses specific jurisdiction, see 328 F.3d at 1129, the Court construes Plaintiff's brief to assert that the Court has specific jurisdiction over R+L Carriers, Inc.

4

Cir. 2002)).

Plaintiff alleges that R+L Carriers, Inc. purposefully directs its activities at California because it seeks employees to work in the state and represents that it does business in the state. He points to two pages from a website, which indicate that "R+L Carriers" has various terminals throughout California and that it has job opportunities in Los Angeles. Nelson Decl., Exs. 2-3.

Plaintiff's references to two web pages do not establish that R+L Carriers, Inc. purposefully directs its activities at California in a way that justifies specific jurisdiction. Indeed, Defendant provides evidence challenging Plaintiff's assertion that these web pages indicate R+L Carriers, Inc.'s activities in this state; as stated above, Defendant maintains that Shared Services is operating in California under the "R+L Carriers" brand. The web pages do not provide a reasonable inference that R+L Carriers, Inc.'s conducts business in California. Thus, Plaintiff fails to meet his burden of establishing specific jurisdiction over R+L Carriers, Inc.

II. Agency Jurisdiction

Plaintiff also asserts that personal jurisdiction is proper because Shared Services' contacts with California, which are not disputed, can be imputed to R+L Carriers, Inc.

When agency is found between a parent and a subsidiary, the subsidiary's contacts may be imputed to the parent for the purposes of personal jurisdiction. Bauman v. DaimlerChrysler Corp., 579 F.3d 1088, 1094 (9th Cir. 2009). To determine whether agency jurisdiction exists, a court must undertake a two-step analysis:

> First, the parent must exert control that is so

5

> pervasive and continual that the subsidiary may be considered an agent or instrumentality of the parent, notwithstanding the maintenance of corporate formalities.  Control must be over and above that to be expected as an incident of ownership.  Second, the agent-subsidiary must also be sufficiently important to the parent corporation that if it did not have a representative, the parent corporation would undertake to perform substantially similar services.

Id. at 1095 (citing Rutsky, 328 F.3d at 1135).

In Bauman, the plaintiffs asserted that agency jurisdiction was justified over DaimlerChrylser AG (DCAG) because of its relationship with Mercedes Benz USA (MBUSA).  MBUSA was a wholly-owned subsidiary of DaimlerChrysler North America, which, in turn, was a subsidiary of DCAG.  Bauman, 579 F.3d at 1092.  A "General Distributor Agreement" between DCAG and MBUSA required MBUSA, among other things, to provide detailed information to DCAG and comply with general marketing standards.  Id. at 1092, 1096.  The agreement was terminable by either party on a showing of good cause.  Id. at 1092.  These terms were insufficient to demonstrate "pervasive and continual" control by DCAG.  Id. at 1096.  Instead, the court characterized these requirements as "monitoring and articulation of general polices," which did not constitute sufficient control.  Id. (citation and quotation marks omitted).

Plaintiff has not justified the exercise of jurisdiction based on an agency relationship.  As an initial matter, Plaintiff did not argue, nor do the facts suggest, that R+L Carriers, Inc. and Shared Services have a parent-subsidiary relationship.  On the contrary, R+L Carriers, Inc. only owns 2.67 percent of Shared Services.  Plaintiff did not dispute this assertion.

Even if a parent-subsidiary relationship existed, Plaintiff

6

would nonetheless fail Bauman's two-step analysis. First, his pleadings do not suggest that R+L Carriers, Inc. exerts pervasive and continual control over Shared Services. Although there is overlap between R+L Carriers' owners and Shared Services' directors and officers, it "is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability." Bauman, 579 F.3d at 1095. Further, as Bauman demonstrates, mere ownership does not constitute control. "Control must be over and above that to be expected as an incident of ownership." Id. at 1095.

Nor has Plaintiff shown that Shared Services is sufficiently important to R+L Carriers, Inc. Under Bauman, Plaintiff must have plead facts to suggest that, in the absence of Shared Services, R+L Carriers, Inc. would undertake to "provide operations and administrative" support to the various relevant trucking entities. See Brake Decl. ¶ 3. He did not do so. R+L Carriers, Inc. is a holding company, which does not engage in any motor carrier operations. Brake Decl. ¶ 2. Plaintiff does not provide contrary evidence.

Accordingly, Plaintiff does not justify the Court's exercise of jurisdiction on an agency theory.[2]

---

[2] Plaintiff did not argue that R+L Carriers, Inc. is liable as an alter ego of Shared Services. If Plaintiff can show at some future point -- even after judgment -- that Shared Services is under-capitalized and that failing to pierce the corporate veil would amount to a fraud on the creditors, he may move to amend to add R+L Carriers, Inc. as a defendant for the purpose of satisfying a judgment. See Katzir's Floor & Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004) (stating that Federal Rule of
(continued...)

7

CONCLUSION

For the foregoing reasons, R+L Carriers, Inc.'s motion to dismiss is GRANTED. (Docket No. 24.) Defendant Shared Services' motion for summary judgment and Plaintiff's motion for conditional collective action certification and authorization of a <u>Hoffman-LaRoche</u> opt-in notice are scheduled for hearing on December 17, 2009.

IT IS SO ORDERED.

Dated: December 7, 2009

CLAUDIA WILKEN
United States District Judge

---

[2] (...continued)
Civil Procedure 69(a), in conjunction with California Code of Civil Procedure § 187, grants courts authority to "amend a judgment to add additional judgment debtors"); <u>NEC Elecs., Inc. v. Hurt</u>, 208 Cal. App. 3d 772 (1989). In the alternative, Plaintiff could sue both entities in Ohio where both are subject to jurisdiction.