UNITED STATES DISTRICT COURT

Northern District of California

GLENN HILL,

              Plaintiff,

  v.

R+L CARRIERS SHARED SERVICES, LLC,

              Defendant.
_____/

No. C 09-1907 CW (MEJ)

**ORDER RE DISCOVERY DISPUTE (DKT. #190, 200)**

## I. INTRODUCTION

Before the Court are two joint discovery dispute letters, the first filed on August 26, 2010 ("Joint Letter 1," Dkt. #190), and the second filed on September 9, 2010 ("Joint Letter 2," Dkt. #200). Upon review of the parties' positions, the Court ORDERS as follows.

## II. BACKGROUND

Plaintiff Glenn Hill ("Plaintiff") is a former employee of Defendant R+L Carriers Shared Services, LLC ("Defendant"). Defendant provides administrative employees to transportation companies all across the country. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), Cal. Bus. & Prof. Code § 17200, for failure to pay overtime compensation.[1] (Dkt. ##3, 114.) In response, Defendant contends that a collective action under the FLSA is improper because the job duties, work schedules, and salary of its employees varies across the United States, as well as in the State of California. (Dkt. #114.)

On January 22, 2010, the Honorable Claudia Wilken, the presiding judge in this matter, conditionally certified a nationwide subclass and ordered that notice be provided to all putative class members. (Dkt. #110 at 17-18.) Fifty-two people subsequently opted into the case, (Joint Letter 2 at 2), and the Court set a hearing date of December 2, 2010 for Plaintiff's Motion for Class

---

[1] On September 2, 2010, Plaintiff filed a motion for leave to file a second amended complaint, the primary purpose of which is to modify and add new sub-classes for FLSA/Rule 23 certification. The motion is to be heard on October 14, 2010. (Dkt. #196.)

Certification and Defendant's Cross-Motion for Decertification (Dkt. #115).

On July 30, 2010, Defendant propounded individual written discovery requests to all the opt-ins, who then responded to their respective discovery on August 30, 2010. (Joint Letter 2 at 2, fn. 1.) On August 9, 2010, Defendant served a notice to depose all 52 people who opted into the case. The notice scheduled depositions to run from August 16, 2010 until October 27, 2010, in 25 different cities. (Joint Letter 2 at 3.) Plaintiff's counsel also announced that they have the declarations of various opt-in plaintiffs that they intend to rely upon as evidence, but when asked to produce them in advance of any depositions, they refused, suggesting that they are privileged. (Joint Letter 1 at 1.) The parties' disputes center upon the opt-in depositions and declarations.

## III. DISCUSSION

In Joint Letter 1, Defendant seeks production of all opt-in plaintiffs' declarations in advance of their depositions. In Joint Letter 2, Plaintiff seeks to limit oral depositions to a representative sampling of five opt-ins, while Defendant seeks order to compel all the opt-ins' depositions. The Court shall consider each issue in turn.

**A.  Declaration Dispute (Joint Letter 1)**

As to the declarations, Plaintiff does not appear to dispute their relevance; rather, he argues that this dispute is not yet ripe because he has not had a chance to respond to Defendant's discovery requests seeking the declarations. (Joint Letter 1 at 4.) However, the letter provides that the parties met and attempted to resolved this dispute on August 4, 2010, and met in person on August 19, 2010. (Joint Letter 1 at 2.) Accordingly, the Court finds no reason to prohibit production of the declarations and hereby ORDERS Plaintiff to provide them within seven (7) days from the date of this Order.

**B.  Deposition Dispute (Joint Letter 2)**

As to the depositions, the Court notes that individualized depositions in an FLSA collective action are permitted when a class is small and the deposition is related to the question of whether the individual plaintiffs are similarly situated within the meaning of the FLSA. *See, e.g.*, *Daniel v. Quail Intern., Inc.*, 2010 WL 55941, at *1 (M.D. Ga. Jan. 5, 2010); *Coldiron v. Pizza Hut, Inc.*, 2004

WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004). Plaintiff seeks to limit oral depositions to a representative sampling of ten percent of the opt-in group, or five depositions total. (Joint letter 2 at 3.) Plaintiff argues that the burden of allowing depositions of all opt-ins outweighs its likely benefit because (1) the opt-ins follow a "Terminal Services Operation Manual," making their job duties substantially similar, and (2) Defendant maintains time records showing the number of hours the opt-ins were in their offices. *Id.* at 2, 3.

On the other hand, Defendant seeks to compel depositions of all the 52 opt-ins, arguing that they are necessary for supporting its motion to decertify the FLSA collective case. *Id.* at 3. Defendant contends that all the opt-ins necessarily exercise their discretion in performing their job duties, and they must be deposed individually to determine whether they are "similarly situated." *Id.* at 4. Defendant further argues that individualized discovery is needed to demonstrate Plaintiff is not the "typical" class member. *Id.* at 4. Alternatively, Defendant requests that the Court preclude Plaintiff from using the declarations as evidence in further proceedings. *Id.* at 3, 4.

Upon review of the parties' arguments, the Court finds that the nature of this case requires individualized discovery. *See, e.g., Coldiron*, 2004 WL 2601180, at *2. Specifically, the Court notes that the job responsibilities and expectations differ among the opt-ins, and they exercise their discretion in performing their job duties. (Joint Letter 2 at 5.) Thus, the Court finds that depositions of opt-in plaintiffs should be permitted. However, the Court also notes the upcoming deadline for Defendant to file its motion to decertify, and Defendant's related request that all depositions be completed by October 21, 2010. Given the upcoming deadline and the burden of scheduling 52 depositions in 25 cities to take place in less than one month, the Court finds that a representative sample of opt-in plaintiff depositions will provide Defendant with the variety of opt-ins it needs to prepare for its motion, while also lessening the burden on Plaintiff. Accordingly, the Court ORDERS Defendant to provide a list of 15 opt-in plaintiffs of its choosing to depose by September 24, 2010. The parties shall then meet and confer for the purpose of scheduling all depositions by September 28, 2010, and all depositions shall be completed by October 21, 2010.

### IV.  CONCLUSION

Based on the analysis above, the Court finds that Defendant is entitled to depose 15 opt-in plaintiffs, as detailed above, and that Plaintiff must produce the declarations for opt-in plaintiffs. Accordingly, the Court ORDERS (1) Plaintiff to provide the declarations within seven days of this order, and (2) the parties to complete 15 individualized depositions by October 21, 2010.

**IT IS SO ORDERED.**

Dated: September  21, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge