1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                    No. C 09-1907 CW

GLENN HILL, and all others similarly
10 situated,                            ORDER GRANTING IN
                                       PART PLAINTIFF'S
11         Plaintiff,                  MOTION FOR LEAVE TO
                                       FILE A SECOND
12    v.                               AMENDED COMPLAINT
                                       (Docket No. 196)
13 R+L CARRIERS, INC.; R+L CARRIERS
SHARED SERVICES, LLC,
14
15         Defendants.
_____/
16

17      Plaintiff Glenn Hill moves for leave to file a second amended

18 complaint.  Defendant R+L Carriers Shared Services, LLC, opposes

19 the motion in part.  The motion was taken under submission on the

20 papers.  Having considered the papers submitted by the parties, the

21 Court GRANTS Plaintiff's motion in part.  Plaintiff is granted

22 leave to amend his class definitions and add a new subclass.  The

23 Court reserves its decision as to whether Plaintiff may amend his

24 complaint to add a claim under California's Private Attorneys

25 General Act.

26                        BACKGROUND

27      Because the Court's January 22, 2010 Order recites Plaintiff's

28 allegations in sufficient detail, they will not be repeated here in

1  their entirety.

2      In sum, Plaintiff is a former employee of Defendant.

3  Defendant terminated his employment on December 18, 2008.

4  Plaintiff alleges that, during his employment, Defendant unlawfully

5  mischaracterized him as exempt from overtime pay requirements.   In

6  addition, he alleges that Defendant failed to provide meal and rest

7  breaks, and did not keep and provide adequate work and payroll

8  records as required by law.  He brings claims under the federal

9  Fair Labor Standards Act (FLSA), California's wage-and-hour laws

10  and California Business and Professions Code § 17200.

11      Plaintiff filed his lawsuit on May 1, 2009.  On January 22,

12  2010, the Court denied Defendant's motion for summary judgment and

13  conditionally certified, pursuant to the FLSA, a nationwide

14  subclass, defined as:

> All persons who worked for any period of time in the
> United States, but outside of California, who were
> classified as Dispatchers (including "City Dispatchers"
> and any other position(s) who are either called, or
> work(ed) as, dispatchers) in the three years prior to the
> filing of this Complaint.

Compl. ¶ 27.

      At the case management conference on June 8, 2010, Plaintiff

indicated that he intended to move for leave to amend his complaint

to add a claim under California's Private Attorneys General Act

(PAGA), Cal. Lab. Code §§ 2699, et seq., and to amend his class

definitions in light of evidence obtained through discovery.

      On or about August 4, 2010, Plaintiff sent a letter to the

California Labor and Workforce Development Agency (LWDA), notifying

it of his claims against Defendant.

      On September 2, 2010, Plaintiff filed the current motion.

United States District Court
For the Northern District of California

DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires."  Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted).  Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Courts consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the plaintiff has previously amended the complaint.  Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 n.3 (9th Cir. 2009). Futility, on its own, can justify denying a motion to amend.  Id. at 1055.  An amendment that adds a cause of action is futile if it fails to state a claim upon which relief could be granted. Townsend v. Univ. of Alaska, 543 F.3d 478, 486 n.6 (9th Cir. 2009).

Defendant does not oppose Plaintiff's motion to the extent that he seeks leave to amend to modify the existing class definitions and add a new sub-class.  According to Plaintiff, these changes only clarify facts he has already alleged and do not alter the substance of his case.  Defendant, however, opposes the addition of the proposed PAGA claim, arguing that its inclusion would be futile because it is time-barred.

California Labor Code section 2699(a) provides,

3

**United States District Court**
For the Northern District of California

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

California Labor Code Section 2699.3 provides several conditions that must be satisfied before a PAGA claim is brought, including a requirement that the "aggrieved employee or representative" provide "written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1).

Plaintiff does not dispute that PAGA claims are subject to the one-year statute of limitations provided in California Civil Code section 340(a). See, e.g., Harris v. Vector Mktg. Corp., 2010 WL 56179, *3 (N.D. Cal.); Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007); Moreno v. Autozone, Inc., 2007 WL 1650942, at *2 (N.D. Cal.). Because Plaintiff was discharged in December, 2008, his PAGA claim must have been brought by December, 2009.

Plaintiff argues that his PAGA claim should relate back to May 1, 2009, the date he filed his original pleading. However, Plaintiff did not notify the LWDA of this action until August, 2010, well after the statute of limitations had run. Other courts in this district have rejected arguments that the relation-back doctrine applies, notwithstanding a plaintiff's failure to send the

4

United States District Court
For the Northern District of California

required notice to the LWDA within the limitations period.  See, e.g., Harris, 2010 WL 56179, at *3; Baas v. Dollar Tree Stores, Inc., 2009 WL 1765759, at *5 (N.D. Cal.).  As the Moreno court stated,

> [T]he PAGA notice is a condition precedent to filing suit.  "A subsequent pleading which sets out the subsequent performance of a statutory condition precedent to suit cannot relate back to the time of the filing of the original complaint and thereby toll the running of the period of limitation, since the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence."

2007 WL 1650942, at *4 (quoting Wilson v. Dep't of Pub. Works, 271 Cal. App. 2d 665, 669 (1969)).  These cases are persuasive, and Plaintiff offers no basis on which to distinguish them.  Consequently, the relation-back doctrine does not apply in this case.

Plaintiff cites Amaral v. Cintas Corporation, 163 Cal. App. 4th 1157 (2008), as authority that supports his position and conflicts with the line of federal cases cited above.  There, the court held that it was not an abuse of discretion to allow the plaintiffs to amend their complaint to add a PAGA claim, even though PAGA had not yet been enacted at the time they filed their complaint.  Id. at 1200.  However, the court did not address the notice requirement contained in section 2699.3, let alone the implications of a notice sent outside the limitations period.  Thus, Amaral does not justify relation-back in this case, nor is it inconsistent with the cases cited above.  Accordingly, Plaintiff's proposed PAGA claim is time-barred.

In the alternative, Plaintiff argues that one of the FLSA opt-in Plaintiffs, Casey Baker, worked for Defendant in California

5

until January 29, 2010 and can bring the proposed PAGA claim in a representative capacity. However, Mr. Baker is not a named Plaintiff representing either the existing or the proposed California subclass. Plaintiff cites Labor Code section 2699(c), which merely provides the definition of an "aggrieved employee." That section does not enable an individual, who is only a putative class member, to bring a PAGA claim on behalf of a class. As a result, Mr. Baker's status as a putative class member in this lawsuit does not save the proposed PAGA claim.

Plaintiff's reply can be read to suggest that he wishes to move to join Mr. Baker as another named Plaintiff and class representative. The proposed amended pleading filed with Plaintiff's motion does not characterize Mr. Baker as such. However, it appears that, if Mr. Baker were so designated, an amendment to add a PAGA claim would not be futile. If that is Plaintiff's desire, he may lodge a proposed amended complaint including Mr. Baker as a named Plaintiff and class representative four days from the date of this Order. Because Defendant did not have an opportunity to respond to Plaintiff's argument, the Court grants it four additional days after the new proposed amended complaint is filed to file a surreply, not to exceed five pages, addressing the joinder of Mr. Baker as a named Plaintiff and class representative and the effect this would have on the proposed PAGA claim.

CONCLUSION

For the foregoing reasons, the Court GRANTS in part Plaintiff's Motion for Leave to File a Second Amended Complaint. (Docket No. 196.) Plaintiff is granted leave to amend his class

definitions and add a new subclass.  The Court defers its decision

as to whether Plaintiff may add a PAGA claim.  If Plaintiff desires

to add Mr. Baker as a named Plaintiff and class representative,

Plaintiff shall, within four days of the date of this Order, file a

proposed amended complaint including Mr. Baker as such.  Four days

thereafter, Defendant shall file a surreply, not to exceed five

pages, concerning the addition of Mr. Baker as a named Plaintiff

and class representative and its effect on the proposed PAGA claim.

　　　　The hearing on Plaintiff's motion is VACATED.

　　　　IT IS SO ORDERED.

Dated: 10/8/2010



CLAUDIA WILKEN
United States District Judge