UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

GLENN HILL,

Plaintiff,

v.

R+L CARRIERS SHARED SERVICES, LLC,

Defendant.

_______________________________________/

No. C 09-1907 CW (MEJ)

**ORDER RE DISCOVERY DISPUTE (DKT. ##210, 219)**

## I. INTRODUCTION

Before the Court are two joint discovery dispute letters, the first filed on September 28, 2010 ("Joint Letter 1," Dkt. #210), and the second filed on October 6, 2010 ("Joint Letter 2," Dkt. #219). On October 7, 2010, the Court held a hearing on the matters. (Dkt. #223.) Upon review of the parties' arguments, the Court ORDERS as follows.

## II. BACKGROUND

Plaintiff Glenn Hill ("Plaintiff") is a former employee of Defendant R+L Carriers Shared Services, LLC ("Defendant"), which provides administrative employees to transportation companies all across the United States. Plaintiff worked as a "dispatcher" at Defendant's San Lorenzo terminal in California. He brings this lawsuit as a collective and class action pursuant to the Fair Labor Standards Act ("FLSA"), California's wage-and-hour laws and California Business & Professions Code section 17200. (Dkt. #3.)

Plaintiff maintains that all similarly-situated employees can be divided into two sub-classes: those employees in California and those that he refers to as a Nationwide Collective. The California Class is defined as "all persons who worked for any period of time in California who were classified as Dispatchers (including "City Dispatchers" and any other position(s) who are either called, or

UNITED STATES DISTRICT COURT
For the Northern District of California

work(ed) as, dispatchers) in the four years prior to the filing of this Complaint, up through the final disposition of this action." (Dkt. #3 at 6-7.) In response, Defendant contends, in relevant part, that a collective action under the FLSA is improper because the job duties, work schedules, and salary of its employees varies across the United States, as well as in the State of California. (Dkt. #114.)

On January 22, 2010, the Honorable Claudia Wilken, the presiding judge in this matter, conditionally certified a class of Nationwide Collective Plaintiffs. (Dkt. #110 at 17-18.) Judge Wilken also ordered Defendant to "disclose to Plaintiff, subject to a protective order if necessary, the number, location and actual job titles of persons who are classified as dispatchers." (*Id.*) Defendant provided the class members' contact information to a third-party administrator, who propounded notice to all putative class members.[1] (Joint Letter 1 at 2.) Additionally, Defendant disclosed the number, location and actual job titles of putative class members to Plaintiff in February. (Discovery Hearing.) Two California putative members subsequently opted into the case. (Joint Letter 1 at 2.) Judge Wilken set a hearing date of December 2, 2010 for Plaintiff's Motion for Class Certification and Defendant's Cross-Motion for Decertification.[2] (Dkt. #115).

**III. DISCUSSION**

In Joint Letter 1, Plaintiff seeks production of names, addresses and telephone numbers of "dispatcher employees" in California who have opted out, arguing that they are necessary for supporting its motion for class certification pursuant to Federal Rule of Civil Procedure 23. (Joint Letter 1 at 3-4.) Plaintiff argues that although he has the number, location and actual job titles of putative California Class members as of February, he needs updated information of non-opt-in plaintiffs to address numerosity issues in the class certification motion. (Joint Letter 1 at 3; Discovery Hearing.) Plaintiff also insists that he needs to interview non-opt-in plaintiffs for whom Defendant has declarations. (Joint Letter 1 at 3; Discovery Hearing.)

---

[1]Defendant states the number of non-opt-in plaintiffs in California Class is approximately 30. (Joint Letter 1 at 2.) However, Plaintiff believes there are more putative class members. (*Id.* at 1.)

[2]On September 24, 2010, Defendant filed motion to continue the decertification hearing, which is to be decided on the papers. (Dkt. ##207, 211.)

UNITED STATES DISTRICT COURT
For the Northern District of California

In Joint Letter 2, Plaintiff seeks production of Performance Management memos, which are one-page lists of all the "dispatcher" positions at Defendant's terminals in California, so that Plaintiff can acquire a better understanding of Defendant's "dispatcher job positions." (Joint Letter 2 at 1.)

Defendant refuses to provide the contact information directly to Plaintiff on privacy grounds. (Joint Letter 1 at 4.) Defendant argues that it has an obligation to maintain privacy of the employees who expressly chose not to opt-in, and that Plaintiff does not need contact information of non-opt-in individuals. (*Id.* at 4.) During the October 7 hearing, Defendant admitted that it has declarations of both opt-ins and non-opt-ins regarding their job duties. As to the Performance Management memos, Defendant refuses to produce them on grounds of relevance and confidentiality. (Joint Letter 2 at 3-4.) Defendant further contends that the discovery requests should be denied in order to prevent Plaintiff's council from soliciting clients. (Joint Letter 1 at 4-5; Joint Letter 2 at 3-4.)

To evaluate privacy objections, the Court must balance Plaintiff's discovery rights against the opt-out individuals' privacy rights. *Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 U.S. Dist. LEXIS 58748, at *7 (N.D. Cal. July 31, 2008); *see also Pioneer Electronics, Inc. v. Superior Court*, 40 Cal.4th 360, 370-71 (2007). Here, the Court notes that Plaintiff needs to examine the declarations to assist in effectively preparing their class certification motion, because they refer to the job duties of "dispatchers." Plaintiff also needs access to the updated number, location and actual job titles of the "dispatchers" for addressing numerosity issues. However, considering the third parties' privacy rights and the history of discovery disputes in this case, (Dkt. #203), the Court finds it inappropriate to order Defendant to provide the names, addresses, and telephone numbers of non-opt-in plaintiffs at this point. If, after reviewing the declarations, Plaintiff still finds it necessary to contact non-opt-in plaintiffs, the parties shall meet and confer, and file a joint letter if necessary.

As to the Performance Management memos, the Court finds Plaintiff is entitled to review the memos which refer to the "dispatcher job positions" of Defendant's terminals in California. As Plaintiff does not have clear view on how many "dispatcher" positions Defendant has in California, he needs to examine the memos in order to effectively classify California Class members in his class


certification motion. However, because the memos contain irrelevant employees' names and job titles, the Court orders Defendant to redact the names of persons who are not classified as "dispatchers."

## IV. CONCLUSION

Based on the analysis above, the Court finds that Defendant shall produce the declarations, the Performance Management memos, and updated number, location and actual job titles of persons who are classified as "dispatchers." Defendant shall produce the information within seven days from the date of this Order, subject to the terms of the protective order in place in this action (Dkt. #31).

**IT IS SO ORDERED.**

Dated: October 20, 2010

Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California