IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN HILL, and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>R+L CARRIERS, INC.; R+L CARRIERS SHARED SERVICES, LLC,<br><br>        Defendants.<br>_____/ | No. C 09-1907 CW<br><br>ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT TO ADD A NAMED PLAINTIFF AND CLASS REPRESENTATIVE<br>(Docket No. 196) |

    On September 2, 2010, Plaintiff Glenn Hill filed a motion for leave to file a second amended complaint.  Defendant R+L Carriers Shared Services, LLC, opposed the motion in part, asserting that Plaintiff's proposed claim under the California Private Attorneys General (PAGA) Act was futile because it was barred by the statute of limitations.  In his reply in support of his motion, filed September 30, 2010, Plaintiff suggested that he wished to move to join Casey Baker as another named Plaintiff and class representative.  Plaintiff argued that a PAGA claim brought by Mr. Baker would not be time barred.  Because Defendant did not have an opportunity to respond this argument, on October 8, 2010, the Court granted it leave to file a surreply.  Defendant has filed its surreply.

    Defendant argues that it would suffer undue prejudice from the addition of Mr. Baker because the Court's current deadlines preclude it from deposing him on issues specifically related to his adequacy as a class representative.  However, Defendant

acknowledges that it had the opportunity to depose Mr. Baker "in his capacity as an opt-in plaintiff." Surreply 3. Defendant does not explain why an additional deposition of Mr. Baker would be necessary if he were a class representative.

Defendant also argues that adding Mr. Baker and a PAGA claim would be futile because doing so would "necessarily infuse the proceedings with individualized inquiries into whether the putative class members can maintain PAGA claims against R+L." Surreply 4. But this general argument could be said of any plaintiff or PAGA claim in a class action. On its face, the addition of Mr. Baker and a PAGA claim does not appear to make class certification improper. Defendant may renew its arguments in its opposition to Plaintiff's motion for class certification.

Accordingly, the Court GRANTS Plaintiff leave to amend his complaint to add Casey Baker as a named Plaintiff. (Docket No. 196.) On October 8, 2010, Plaintiff filed a proposed amended complaint, which includes Mr. Baker as a named Plaintiff. The Court deems this document, lodged at Docket No. 225, the operative complaint in this action.

IT IS SO ORDERED.

Dated: October 25, 2010

CLAUDIA WILKEN
United States District Judge