UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| GLENN HILL and all others similarly situated,<br><br>           Plaintiffs,<br>     v.<br><br>R+L CARRIERS SHARED SERVICES, LLC,<br><br>           Defendant.<br>_____/ | No. C 09-01907 CW (MEJ)<br><br>**ORDER RE DISCOVERY DISPUTE (DKT. #247)** |

## I. INTRODUCTION

Before the Court is a joint discovery dispute letter filed on November 9, 2010 by Plaintiffs Glenn Hill and Casey Baker ("Plaintiffs") and Defendant R+L Carriers Shared Services, LLC. ("Defendant" or "R+L"). ("Joint Letter," Dkt. #247.) The dispute concerns Defendant's request for costs related to the depositions of class members Robert Koenegstein and Paul Pursell. Upon careful review of the parties' positions, the Court ORDERS as follows.

## II. BACKGROUND

The instant discovery dispute arises from a class and collective action filed by Plaintiffs, former employees of Defendant. (Dkt. #225.) The collective action under the Fair Labor Standards Act ("FLSA") was conditionally certified, and 52 people opted into the case. (Dkt. ##110, 116-67.)

On September 9, 2010, Defendant sought to compel depositions of all 52 opt-in plaintiffs before October 27, 2010, the deadline by which Defendant was scheduled to file its motion to decertify the FLSA collective action. (Dkt. #200.) On September 21, 2010, the Court ordered the parties to complete 15 depositions of Defendant's choice by October 21, 2010. ("Discovery Order," Dkt. ##203, 209.) Following the September 21 Order, Defendant noticed depositions for 15 opt-in plaintiffs, including Mr. Koenegstein and Mr. Pursell. (Joint Letter at 1.) However, Mr.

1   Koenegstein's deposition has never occurred, and Mr. Pursell declared in his deposition that he
2   hopes to be excluded from this lawsuit.  (Joint Letter at 3; Ex. A.)  As a result of the time and efforts
3   spent on Koenegstein and Pursell's depositions, Defendant seeks monetary sanctions in the form of
4   costs and attorney's fees it incurred, including airfare, accomodations, and court
5   reporter/videographer fees.  (Joint Letter at 3.)

### III.  DISCUSSION

If parties fail to obey an order to permit discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C); 37(b)(2)(A).

The Court shall consider each witness in turn.

**A.     Paul Pursell**

As to Mr. Pursell, Defendant argues that is entitled to costs and fees associated with deposing him because Plaintiffs knew that Mr. Pursell had demanded to be excluded from the class and told Plaintiffs' counsel that he did want counsel to represent him.  (Joint Letter at 3.)  Defendant further argues that instead of being forthright when Defendant noticed Mr. Pursell's deposition, Plaintiffs permitted the deposition to proceed.  (Joint Letter at 3.)  Defendant maintains that it would not have deposed Mr. Pursell had it known he was neither represented by Plaintiffs' counsel nor making any claims against it.  (Joint Letter at 3.)

In response, Plaintiffs argue that Mr. Pursell was one of the first people to opt into this case after it was certified as a collective action, that he opted into the case voluntarily, without any influence from Plaintiffs or their attorneys, and that he did so because he believed that Defendant should be compensating him for the overtime hours he was working.  (Joint Letter at 6.)  Plaintiffs further argue that they did not know that Mr. Pursell did not want to continue with this case. Plaintiffs state that their counsel called Mr. Pursell to inform him that Defendant wanted to take his deposition and, at that time, Mr. Pursell said that he still wanted to be part of the case and that he would attend his deposition, as noticed.  (Joint Letter at 6.)  However, Plaintiffs state that sometime

2

thereafter, Mr. Pursell informed his managers at R+L that he had opted into this case, and that their response prompted him to fear losing his job if he continued with this lawsuit, after which he stopped communicating with Plaintiffs' counsel. (Joint Letter at 6.) Plaintiffs' counsel states that they called Mr. Pursell repeatedly to try to confirm arrangements for his deposition, but Mr. Pursell never returned any of the calls, and that they sent Mr. Pursell a letter (via overnight mail) reminding him of his deposition and telling him that, if he did not attend, he "may not be able to continue with this case." (Joint Letter at 6.) When Mr. Pursell was deposed on October 18, 2010, he testified that he no longer wanted to participate in this lawsuit. (Joint Letter at 7.)

Upon review of the parties' arguments, the Court finds that Defendant is entitled to reimbursement of its costs from Mr. Pursell's deposition. When Defendant deposed Mr. Pursell, he testified that he had no claims against R+L, that Plaintiffs' counsel was not his attorney, and that he had requested Plaintiffs' counsel remove him as a plaintiff from the action and to stop harassing him at home. Pursell Dep. at pp. 4-5, 25-28, Joint Letter, Ex. A (testifying that calls from Plaintiffs' counsel "have been nothing but harassing and too frequent for anybody to endure, especially what my family went through.") Mr. Pursell also testified that he told Plaintiffs' counsel he did not want to be part of the lawsuit before the deposition. *Id.* at pp. 9-10, 27-28 (testifying that he told Plaintiffs' counsel he did not want to be represented by him "[m]ore than once, recently as of [the] Saturday [before his deposition].").

Indeed, Mr. Pursell testified that he only attended his deposition because Plaintiffs' counsel told him he would lose his job if he missed the deposition. *Id.* at pp. 9-10 (testifying that Plaintiffs' counsel "threatened to – that I would lose my job if I didn't show up at this – this deposition. . ."). Further, Plaintiffs' counsel admits that he recognized at least during the last telephone conversation with Pursell, which was two days before the deposition, that "he was having 'doubts' about continuing with the case." (Joint Letter at 7 fn.6.) In fact, Plaintiffs' counsel states that "[g]iven that R+L's attorneys were likely already en route to the deposition, Plaintiffs' counsel suggested that Mr. Pursell attend the deposition rather than trying to cancel at the last minute." *Id.* Thus, despite knowing that Mr. Pursell had doubts about continuing with the case, Plaintiffs' counsel did not

3

1  notify Defendant prior to the deposition and instead forced Defendant to incur unnecessary costs.  It
2  is troubling that Plaintiffs were unable to confirm Mr. Pursell's attendance, yet gave no advance
3  notice of this to Defendant.  Accordingly, the Court finds Defendant is entitled to the reasonable
4  costs and attorney's fees incurred for Pursell's deposition, including airfare, accommodations, court
5  reporting/videographer fees, and reasonable attorney's fees.

**B.     Robert Koenegstein**

1.    Defendant's Position

As to Mr. Koenegstein, Defendant states that it noticed his deposition, with prior agreement of Plaintiffs' counsel, for Friday, October 8, 2010 at 11:00 a.m., and that the deposition was further confirmed on October 4, 2010, with specific representations that R+L could confirm its travel plans.  (Joint Letter at 2.)  Defendant states that in reliance upon those assurances, its attorneys booked a court reporter and videographer as well as travel arrangements to Kansas City, Missouri from New Orleans, Louisiana.  (Joint Letter at 2.)  However, two days before Mr. Koenegstein's noticed deposition, Plaintiffs announced for the first time that Mr. Koenegstein was no longer available at 11:00 a.m. because his wife was having a minor surgical procedure that morning.  Therefore, Plaintiffs requested R+L move the start time of the deposition to 1:00 p.m. from 11:00 a.m.  The parties endeavored to work a schedule that would accommodate both Mr. Koenegstein's family concerns as well as R+L's confirmed travel plans.  In the end, however, Plaintiffs represented that Mr. Koenegstein would be available as originally scheduled at 11:00 a.m.  (Joint Letter at 2.)

Despite this, Mr. Koenegstein failed to appear at his deposition.  Instead, just fifteen minutes before it was scheduled to begin, Plaintiffs' counsel called the court reporting office where the deposition was scheduled to take place, stating that Mr. Koenegstein would not be able to appear at that time, suggesting that he might be available later.  (Joint Letter at 2.)  At that time, counsel for R+L went on the record, noting Mr. Koenegstein's failure to appear and adjourning the deposition.  (Joint Letter at 2.)  Plaintiffs requested that R+L stay until 12:30 p.m. – an hour and half after the deposition was noticed to begin – but R+L declined and requested that Plaintiffs pay for the attorneys fees and costs to return to Kansas City to depose Mr. Koenegstein at a later date.  (Joint

4

1 Letter at 2.) Plaintiffs declined to pay for costs unless R+L waited to see if Mr. Koenegstein might
2 eventually show up. (Joint Letter at 2.)

3       Defendant subsequently re-noticed Mr. Koenegstein's deposition for Tuesday, October 19,
4 2010 at 3:00 p.m. and again requested that Plaintiffs pay the costs associated with rescheduling Mr.
5 Koenegstein's deposition. (Joint Letter at 2.) However, Defendant states that, one day prior to the
6 deposition, Plaintiffs' counsel represented that he could not even reach his client to discuss
7 rescheduling the deposition. (Joint Letter at 2.) Plaintiffs have still not provided R+L with a date
8 certain when Mr. Koenegstein will be available for his deposition. (Joint Letter at 2.)

9       2.      Plaintiffs' Position

10       In response to Defendant's position, Plaintiffs argue that neither they nor their attorneys did
11 anything to justify cost sanctions in connection with Mr. Koenegstein's deposition. (Joint Letter at
12 5.) Plaintiffs state that when R+L initially noticed the deposition on October 8, 2010, they promptly
13 notified R+L about Mr. Koenegstein's wife's surgery and asked to either delay or reschedule the
14 deposition, but R+L refused. (Joint Letter at 5.) Then, when the surgery went long, Plaintiffs asked
15 R+L's attorney to wait until 12:15 or 12:30 p.m. to begin the deposition, but R+L refused to do that,
16 either. Plaintiffs' attorney even offered to pay R+L's travel costs if their attorney had to come back
17 to Kansas City to complete the deposition, but R+L refused unless Plaintiffs also agreed to pay their
18 attorneys' fees. In short, Plaintiffs maintain that they did everything they reasonably could to ensure
19 that Mr. Koenegstein's deposition went forward, but R+L refused any compromises. (Joint Letter at
20 6.) Thus, Plaintiffs argue that Defendant should not now be allowed to recoup its deposition costs
21 simply for being unreasonable.

22       Plaintiffs further argue that Defendant should not recover costs because it made travel plans
23 without first confirming Mr. Koenegstein's availability for a deposition. (Joint Letter at 6.) When
24 Defendant re-noticed Mr. Koenegstein's deposition for October 19, 2010, Plaintiffs' counsel could
25 not immediately confirm Mr. Koenegstein's availability, yet Defendant went ahead and made travel
26 arrangements anyway. (Joint Letter at 6.) As Mr. Koenegstein was ultimately unavailable and the
27 deposition did not take place, Defendant should not be permitted to recover costs.

28

1    Plaintiffs also argue, in general, that costs should not be awarded because Defendant waited
2 until the last minute to take discovery. (Joint Letter at 4.) Plaintiffs note that Defendant scheduled
3 15 depositions to take place all over the country in only 11 business days, yet it failed to take any
4 discovery for several months. (Joint Letter at 4.) Plaintiffs state that they worked diligently to help
5 Defendant take its requested depositions, including by allowing multiple depositions to be taken on
6 the same days, yet Defendant now expects Plaintiffs to reimburse it for the costs for two of the
7 depositions it took and/or tried to take. (Joint Letter at 4.) Plaintiffs maintain that they cannot be
8 held responsible for the scheduling difficulties Defendant "created by trying to take marathon
9 depositions at the last-minute, especially since Plaintiffs did everything they reasonably could to
10 allow the depositions to proceed." (Joint Letter at 4.)

    3.    Court's Findings

12    Having reviewed the parties' positions, the Court finds that Defendant is entitled to
13 reimbursement of its costs from Mr. Koenegstein's depositions. It is well established that, where, as
14 here, a party fails to attend its properly noticed deposition, opposing counsel is entitled to an award
15 of the costs associated with the deposition. *See* Fed. R. Civ. P. 30(d)(2) (the court has authority to
16 sanction any party who "impedes, delays, or frustrates the fair examination of the deponent");
17 *Societe Civile Succession Richard Guino v. Renoir*, 305 Fed. Appx. 334, 338, 2008 WL 5157719, *2
18 (9th Cir. Dec. 9, 2008) (awarding discovery sanctions where witness failed to attend deposition and
19 did not give notice that witness could not attend deposition until one day before the deposition was
20 set to take place).

21    Further, Defendant was not required to sit and wait for Mr. Koenegstein to show at some
22 indeterminate time. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) ("Henry thus asks
23 this court to hold that, even though he twice forced cancellation of his deposition by notifying
24 [defendant] at the last minute that he would not appear, such conduct does not constitute a 'failure to
25 appear' because [defendant's] counsel, instead of sitting in a conference room waiting for [plaintiff]
26 not to arrive, attempted to reschedule the deposition."). This is particularly true where, as here, the
27 witness had stated he would appear on time and R+L's counsel had flight arrangements, limiting his

availability.  Plaintiffs' counsel knew Defendant had made travel arrangements in order to depose Mr. Koenegstein, yet could not give Defendant any assurances that Mr. Koenegstein would appear.  At no time did Plaintiffs seek a protective order to excuse Mr. Koenegstein from appearing.  Therefore, his failure to appear for his rescheduled deposition entitles Defendant to its fees and costs.

As to Plaintiffs' argument regarding the timeliness of the depositions, the Court has already taken this into consideration when ordering that Plaintiffs permit Defendant to take the 15 depositions.  Accordingly, this argument is without merit.

### C.  Amount of Costs and Fees

As discussed above, the Court finds that Defendant is entitled to the reasonable costs and attorney's fees incurred in connection with Mr. Pursell and Mr. Koenegstein's depositions, including airfare, accommodations, court reporting/videographer fees, and reasonable attorney's fees.  However, Defendant does not specify whether it seeks an order against Plaintiffs, Plaintiffs' counsel, or both, nor does it provide any details regarding the costs and fees it seeks.  However, based upon the evidence submitted in connection with the joint letter, the Court finds it appropriate to order Plaintiffs' counsel to pay Defendant's reasonable expenses.

## IV.  CONCLUSION

Based on the foregoing, the Court ORDERS Plaintiffs' counsel to pay all costs and attorney's fees that are fairly attributable to the depositions of Mr. Koenegstein and Mr. Pursell.  The reasonable expenses shall include airfare, accommodations, court reporting/videographer fees, reasonable attorney's fees, and any cancellation/rescheduling costs.  The Court ORDERS the parties to meet and confer in person within 14 days to determine the fairly attributable cost and attorney's fees.  If unable to reach an agreement, the parties shall file a joint letter in compliance with the undersigned's discovery standing order.

**IT IS SO ORDERED.**

Dated: December 2, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge