IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLENN HILL and CASEY BAKER,

    Plaintiffs,

  v.

R+L CARRIERS, INC.; R+L CARRIERS SHARED SERVICES, LLC,

    Defendants.

No. C 09-1907 CW

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT (Docket No. 288)

    Plaintiffs Glenn Hill and Casey Baker move for leave to file a third amended complaint that names Miguel Saucedo as an additional Plaintiff. Defendant R+L Carriers Shared Services, LLC,[1] opposes the motion. The motion will be decided on the papers. Having considered the papers submitted by the parties, the Court GRANTS Plaintiffs' motion.

## BACKGROUND

    Because the Court's previous orders amply summarize this case, only the background necessary to resolve this motion is provided below.

---

[1] On November 9, 2009, all claims against R+L Carriers, Inc., were dismissed for lack of personal jurisdiction. (Docket No. 46.) Defendants R+L Carriers Shared Services, LLC, is the only Defendant remaining in this action.

Plaintiff Hill worked in San Leandro, California as a City Dispatcher for Defendant, which provides operations and administrative employees to related entities which transport freight. Plaintiff Baker was a Dispatcher/Supervisor for Defendant in Redding, California. They allege that Defendant violated the Fair Labor Standards Act (FLSA) and California's wage-and-hour laws by, among other things, failing to compensate them for overtime.

On January 22, 2010, the Court conditionally certified this lawsuit as a collective action under the FLSA. Thereafter, notice was sent to a class defined as "everyone who worked at R+L Carriers as a City Dispatcher, First Shift Supervisor/Dispatcher, Inbound Supervisor/Dispatcher, Outbound Supervisor/Dispatcher, or in any other Dispatcher positions for any period of time since January 22, 2007, and who were not paid overtime." Order of Jan. 22, 2010, Ex. A at 3. On June 17, 2010, Plaintiff Hill filed fifty-two "consent to join" forms by individuals seeking to opt in as Plaintiffs. Among these individuals was Miguel Saucedo, a City Dispatcher who worked for Defendant in Montebello, California.

On March 3, 2011, the Court granted Defendant's motion to de-certify the FLSA collective action and dismissed without prejudice the claims of the opt-in Plaintiffs. Plaintiff Hill failed to show that the opt-in Plaintiffs were situated similarly to him.[2] The Court denied Plaintiffs' motion for class certification, concluding that they failed to show that common questions of law or fact predominated over individualized inquiries, as required by Federal

---

[2] In their opposition to Defendant's de-certification motion, Plaintiffs clarified that the FLSA collective action involved only City Dispatchers.

2

Rule of Civil Procedure 23(b)(3).

On March 17, 2011, Plaintiffs' counsel informed Saucedo that his claims had been dismissed without prejudice. Saucedo indicated that he wished to remain a Plaintiff in this case.

## DISCUSSION

Defendant does not argue that Plaintiffs do not satisfy the liberal standards governing amendment of pleadings under Federal Rule of Civil Procedure 15(a). Instead, Defendant contends that Plaintiffs do not establish that joinder of Saucedo as a Plaintiff is permissible under Federal Rule of Civil Procedure 20(a).

Rule 20(a) "permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) (citing Anderson v. Montgomery Ward & Co., Inc., 852 F.2d 1008, 1011 (7th Cir. 1988)). This rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977) (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330 (8th Cir. 1974)). "'Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" League, 558 F.2d at 917 (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)). Once the two requirements of Rule 20(a) are met, "a district court must examine whether permissive joinder would 'comport with the principles of

3

fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980)).

Saucedo's claims, like those of the current Plaintiffs, arise from Defendant's alleged violations of the FLSA and California's wage-and-hour laws, including the failure to compensate him for overtime. Defendant employed Saucedo, like Plaintiff Hill, as a City Dispatcher in one of its California terminals. Defendant does not argue that, as City Dispatchers, Saucedo and Hill did not have similar tasks. Although Saucedo's circumstances may have differed from those of Hill, "[a]bsolute identity of all events is unnecessary" for the purposes of joinder under Rule 20(a). Mosley, 497 F.2d at 1333. Rule 20(a) permits "all reasonably related claims for relief by . . . different parties to be tried in a single proceeding." Id. The Court's decision to de-certify the FLSA collection action does not preclude joinder. Plaintiffs seek to add only one additional individual to the action. Nor does the denial of Plaintiffs' class certification motion require preventing Saucedo from joining this suit; Rule 20(a) does not mandate the predominance of common questions of fact or law over individual inquiries. Saucedo's claims arise from the same series of alleged violations as Hill's and Baker's claims. Thus, the first prong of Rule 20(a) is met.

Adjudication of Saucedo's claims would also entail common questions of law and fact. Defendant does not dispute that the legal bases for Saucedo's claims are the same as those for Hill's and Baker's. And whether Defendant violated the FLSA and

4

California's wage-and-hour laws with respect to Saucedo will entail factual questions concerning the nature of his employment and duties, which are the same inquiries required by Hill's and Baker's claims. Saucedo has much more in common with Hill and Baker than the plaintiffs in Coughlin had with each other. That case involved forty-nine individuals seeking a writ of mandamus to compel the former Immigration and Naturalization Service (INS) to adjudicate their applications or petitions. Coughlin, 130 F.3d at 1349. However, the plaintiffs did not allege a systematic pattern or policy of the INS, and their applications and petitions sought different types of relief, requiring the INS to "apply different legal standards." Id. The Ninth Circuit affirmed the district court's decision to sever the claims of forty-eight plaintiffs, leaving only the claims of the named plaintiff to be adjudicated. Id. at 1351. Here, Saucedo and the current Plaintiffs allege that Defendant engaged in a pattern of wage-and-hour violations, and the legal bases for their claims are the same.

    Defendant contends that it will suffer prejudice because a jury likely will be "hopelessly confused" by the claims of three Plaintiffs. Opp'n at 10:8. This argument is without merit. There is no indication that a jury would be unable to give proper consideration to three Plaintiffs' claims.

CONCLUSION

    For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to file a third amended complaint. (Docket No. 288) Within three days of the date of this Order, Plaintiffs shall file their third amended complaint so that it is a separate docket entry in the public record.

1    A settlement conference before Magistrate Judge Elizabeth D.
2 Laporte is set for June 15, 2011 at 1:30 p.m.  The hearing on all
3 case-dispositive motions and a further case management conference
4 will be held on November 17, 2011 at 2:00 p.m.
5    IT IS SO ORDERED.

7 Dated: 5/23/2011
   CLAUDIA WILKEN
8    United States District Judge