IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLENN HILL,

    Plaintiff,

vs.

R+L CARRIERS SHARED SERVICES, LLC,

    Defendant.
_____/

No. C 09-01907 CW (MEJ)

**ORDER RE SANCTIONS (DKT. No. 283)**

## I. INTRODUCTION

On December 2, 2010, this Court issued an order granting Defendant K+L Carriers Shared Services, Inc.'s request for an award of attorneys' fees and expenses incurred in connection with the unnecessary deposition of Paul Pursell and attempt to depose Robert Koenegstein in October 2010. Dkt. No. 273. Specifically, the Court held that Defendant is entitled to an award of reasonable costs and attorneys' fees incurred in connection with both depositions, including airfare, accommodations, court reporting/videographer fees, reasonable attorneys' fees, and any cancellation/rescheduling costs. *Id*. at 7. The Court further ordered the parties to meet and confer to discuss and attempt to agree on the amount of these costs and fees, and that if they were unable to reach an agreement, they should file a joint letter regarding the areas of dispute. *Id*.

On March 4, 2011, the parties filed a joint letter indicating that they were unable to reach an agreement and setting forth the fees and costs Defendant seeks pursuant to the Court's Order. Dkt. No. 283. Because the joint letter did not provide an itemized account of the costs and fees Defendant sought, the Court ordered Defendant to file a statement itemizing its fees and costs by deponent and date. *See* Dkt. No. 290. After consideration of the parties' arguments and the Court's

review of Defendant's itemized statement, it awards Defendant $6,839.64 in expenses and fees.

## II.   DISCUSSION

**A.   Fees and Costs Incurred in Connection with the Deposition of Paul Pursell**

Defendant seeks to recover $7,740.86 in connection with the deposition of Paul Pursell. *See* Dkt. No. 291 at 2-3. The expenses and fees break down as follows.

First, Defendant seeks $328.00 for airfare for counsel's flight from Ft. Myers, Florida to Pensacola, Florida on October 17, 2010, and $503.00 for airfare for his flight from Pensacola to Memphis, Tennessee on October 19, 2010. Dkt. No. 291 at 2. The Court finds that Defendant would not have incurred these expenses had it known that Mr. Pursell was no longer participating in the lawsuit and is therefore entitled to recover $831.00 for airfare to and from the deposition.

Second, Defendant seeks reimbursement for hotel accommodations on October 16, 2010 in Ft. Myers, and October 17 and 18, 2010 in Pensacola. Dkt. No. 291 at 2. The Court finds that Defendant is entitled to recover hotel costs for one night of lodging. Mr. Pursell's deposition was noticed for one day. Thus, at most, counsel needed one night of hotel accommodations to complete Mr. Pursell's deposition. Dividing the $332.28 Defendant indicates it incurred for counsel's lodging in Pensacola by half, Defendant is entitled to $166.14 for hotel accommodations.

Third, Defendant seeks the following fees: (1) $13.50 for taxis and parking; (2) $53.94 in shipping costs for deposition materials; and (3) $486.50 for court reporter fees. *See* Dkt. No. 291 at 2-3. The Court finds that each of these expenses is directly attributable to the deposition and Defendant is therefore entitled to recoup these costs.

Finally, Defendant seeks $5,913.75 in attorneys' fees in connection with Mr. Pursell's deposition. *See* Dkt. No. 291 at 2-3. According to the descriptions in Defendant's itemizeds statement, Mr. Scheaf billed 14.25 for: (1) travel from Ft. Myers to Pensacola and preparation for the deposition (collectively, 10.75 hours), (2) taking Mr. Pursell's deposition (.5 hours);[1] and (3) travel from Pensacola to Memphis (3 hours). *Id.* His hourly billing rate was $415. *Id.* Plaintiffs

---

[1] Reviewing the deposition transcript, the deposition began at 9:00 a.m. and ended at 9:30 a.m. *See* Dkt. No. 247-1.

2

argue that the time defense counsel billed for deposition preparation is excessive because Defendant had already deposed several opt-in plaintiffs prior to Mr. Pursell and the deposition questions would have essentially be the same. Defendant, however, argues that even if defense counsel had a deposition outline, counsel had to supplement the outline with plaintiff-specific information, which required a review of each plaintiff's personnel files and disciplinary records. Joint Letter at 4. Additionally, with respect to Mr. Pursell's deposition, Defendant asserts that because "Mr. Pursell is a Router/Dispatcher Supervisor at R+L and counsel for R+L had not previously deposed non-City Dispatcher/First Shift Supervisor employees during the litigation . . . counsel for R+L had to adapt his preparation and lines of questioning to account for the differences in duties of Router/Dispatcher Supervisors and City Dispatchers/First Shift Supervisors." Joint Letter at 4. While defense counsel surely had to review Mr. Pursell's personnel file and edit the deposition outline to address questions specific to Mr. Pursell, the Court agrees with Plaintiffs that the amount of time counsel billed for such tasks is excessive. Instead, the Court finds that Defendant is entitled to 2.5 hours of deposition preparation time and 2.5 hours of travel time, for a total fee award of $2,075.

In sum, the Court finds that Defendant is entitled to recover $3,626.08 from Plaintiffs' counsel in connection with Mr. Pursell's deposition.

**B.    Robert Koenegstein**

Defendant seeks to recover $7,225.07 in costs, expenses, and attorneys' fees associated with the attempted deposition of Mr. Koenegstein on October 8 and 19, 2010. *See* Dkt. No. 291 at 3-4.

Turning first to Defendant's claimed travel expenses, Defendant seeks $395 for fees incurred for airfare and change fees and an award of $276.05 for hotel accommodations in Kansas City, Missouri on October 7, 2010. With respect to the airfare expenses, Defendant indicates that it paid $181 for a cancellation fee on October 8, 2010, another $181 for a cancellation fee on October 19, 2010, and $33 for re-ticketing on October 19, 2010. *See* Dkt. No. 309.[2] Because defense counsel

---

[2] Because Defendant's itemization did not breakdown the $395 claimed for airfare, the Court ordered Defendant to file a supplemental itemization breaking down these costs and indicating the dates they were incurred. *See* Dkt. No. 306.

3

noticed the deposition of another opt-in plaintiff in Kansas City the day before Mr. Koenegstein's deposition, counsel would have incurred the costs of flights to and from Kansas City irrespective of whether Mr. Koenegstein's deposition had proceeded as noticed. Further, although Defendant contends that counsel made arrangements to fly to Kansas City on October 19, 2010 to again attempt to depose Mr. Koenegstein on October 20, 2010, Plaintiffs dispute that there was any agreement that Mr. Koenegstein was available on that date. Taking the parties' arguments into consideration, the Court finds that Defendant is only entitled to recover the amount of ticketing change fees it incurred during counsel's initial trip to Kansas City on October 7-8, 2010, which amounts to $181.00. With respect to Defendant's request for $276.05 for hotel accommodations, the Court finds that because it was necessary for defense counsel to stay in Kansas City after Mr. Neitzert's deposition on October 7, 2010, Defendant is entitled to recover this amount. Taken together, the Court awards Defendant $457.05 for its re-ticketing fees and hotel costs.

Next, Defendant requests an award of $77.27 for meals and parking. Of this amount, only 41.01 was incurred in connection with counsel's trip to Kansas City on October 7-8, 2010. The Court therefore awards Defendant $41.01 for meals and parking expenses.

Third, Defendant seeks $70.00 for court reporting costs for Mr. Koenegstein's deposition. The Court finds that Defendant is entitled to recover this amount.

Fourth, Defendant seeks $1,617 for "travel for cancelled depositions." As indicated above, defense counsel had to travel to and from Kansas City to depose another opt-in plaintiff the day before Mr. Koenegstein. Thus, defense counsel did not incur any addition travel time as a result of Mr. Koengestein's failed deposition. The Court therefore denies Defendant's request for an award of this amount.

Finally, Defendant seeks $4,936.75 for 20.15 hours of time defense counsel billed for preparing for Mr. Koenegstein's deposition and attending the deposition.[3] *See* Dkt. No. 291 at 4.

---

[3] At the hearing, Defendant indicated that it was only seeking fees for 11.5 hours of time billed for deposition preparation. However, according to Defendant's itemization, Defendant fees for 20.15 hours of time billed.

4

1 Defendant has failed to persuade the Court that this amount of time was necessary to prepare for Mr.
2 Koenegstein's deposition, particularly in light of the fact that defense counsel had deposed other opt-
3 in plaintiffs prior to Mr. Koenegstein, and the same deposition outline could be used for Mr.
4 Koenegstein.  The Court therefore awards Defendant 2.5 hours of attorney time for preparing for and
5 appearing to take Mr. Koenegstein's deposition, for a total of $1,037.50.

6 In sum, the Court awards Defendant $1,605.56 in expenses and fees incurred in connection
7 with Mr. Koenegstein's failed deposition on October 8, 2010.

**C.    Fees Incurred in Preparing Motion and Letter Dispute Joint Letter**

Finally, Defendant seeks $3,216.25 for attorneys' fees incurred in drafting its Motion to Exclude and for Costs, and the joint discovery letter filed before this Court.  *See* Dkt. No. 291 at 5. The Court finds that Defendant is entitled to recover fees reasonably incurred in preparing the motion and joint letter regarding Mr. Pursell's and Mr. Koenegstein's depositions.  Although Defendant indicates in the joint letter that counsel billed 9.25 hours on these tasks, Defendant's itemization indicates that counsel billed 11.25 hours.  Based on its assessment of the briefing, the Court finds that Defendant should be awarded half of this amount, or $1,608.00

### III.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's request for an award of expenses and fees in the amount of $6,839.64.  Further, the Court **DENIES** Plaintiffs' request for a stay of this Order.

**IT IS SO ORDERED.**

Dated: June 21, 2011

MARIA-ELENA JAMES
United States Magistrate Judge