IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN HILL,<br><br>        Plaintiff,<br><br>  vs.<br><br>R+L CARRIERS SHARED SERVICES, LLC,<br><br>        Defendant.<br>_____/ | No. C 09-01907 CW (MEJ)<br><br>**ORDER GRANTING MOTION TO COMPEL PAYMENT OF SANCTIONS AWARD**<br><br>**(DKT. NO. 314)** |

    On December 2, 2010, this Court issued an order granting Defendant R+L Carriers Shared Services, Inc.'s request for an award of attorneys' fees and expenses incurred in connection with the unnecessary deposition of Paul Pursell and attempt to depose Robert Koenegstein in October 2010. Dkt. No. 273. At that time, the Court ordered the parties to meet and confer to discuss and attempt to agree on the amount of these costs and fees, and that if they were unable to reach an agreement, they should file a joint letter regarding the areas of dispute. *Id*.

    On March 4, 2011, the parties filed a joint letter indicating that they were unable to reach an agreement and setting forth the fees and costs Defendant seeks pursuant to the Court's Order. Dkt. No. 283. After consideration of the parties' arguments, the Court awarded Defendant $6,839.64 in expenses and fees. Dkt. No. 310

    Now before the Court is Defendant's Motion to Compel Payment of Sanctions Award. Dkt. No. 314. In its motion, Defendant states that Plaintiffs' counsel has neither paid the award, nor has he provided any indication that payment is forthcoming. *Id.* at 2. Because Plaintiffs' counsel has not complied with the Court's sanctions orders, Defendant requests that the Court grant its Motion to Compel and order Plaintiffs' counsel to promptly pay the outstanding sanctions award, and an

additional $1,367.50 in fees incurred by Defendant in its attempts to obtain Plaintiffs' counsel's compliance with the Court's orders and to bring this Motion. *Id.*

In response, Plaintiffs argue that Defendant's motion "was apparently filed by mistake. Defendant . . . has so many attorneys that the left hand apparently did not know what the right was doing." Pls.' Opp'n. 1, Dkt. No. 319. Specifically, Plaintiffs' counsel states that he explained to Defendant's California attorney, Charles Thompson, that he was "withholding the sanctions in the hope that they could be included in the final deal the parties reached, but if they were not included then he would pay them promptly after the deal was finalized." *Id.* at 2. Plaintiffs' counsel states that Mr. Thompson agreed to this proposal, but Defendant's Ohio attorneys, Thompson Hine LLP, were not made aware of the agreement and thus subsequently filed this motion in error. *Id.*

Defendant responds that it never accepted Plaintiffs' proposal and has expressly rejected it. Def.'s Reply 2, Dkt. No. 321.

Upon review of the parties' arguments, the Court finds this matter suitable for disposition without oral argument and hereby VACATES the September 22, 2011 hearing. *See* Civil Local Rule 7-1(b). For the reasons stated in Defendant's motion and reply briefs, the Court GRANTS Defendant's motion to compel payment of sanctions. As to Defendant's request for an additional $1,367.50 in fees, the Court finds the amount excessive given that the motion, which contains roughly three full pages of text, is largely a factual summary with limited legal analysis. Accordingly, the Court shall grant an additional $500.00. Thus, Plaintiffs' counsel is hereby ORDERED to pay $6,839.64 in previously-awarded sanctions as well as $500.00 in additional sanctions within 10 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 12, 2011

MARIA-ELENA JAMES
United States Magistrate Judge

2